UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10393-RWZ

PETER MOELLER NEERGAARD

v.

LISETTE NEERGAARD COLON

MEMORANDUM OF DECISION

March 10, 2014

ZOBEL, D.J.

Petitioner Peter Moeller Neergaard, a Danish citizen, and respondent Lisette Neergaard Colon, a United States citizen, lived in Singapore with their two minor daughters, S.S. and L.A.  On January 20, 2014, at the conclusion of a visit to the United States, respondent and her two daughters did not board their flight to Singapore and have since remained in the United States.  Petitioner filed a verified petition for immediate return of the children to Singapore pursuant to the Hague Convention on Civil Aspects of International Child Abduction, T.I.A.S. No. 11,670, 19 I.L.M. 1501 (1980) ("the Convention"), as implemented by the International Child Abduction Remedies Act, 42 U.S.C. § 11601 et seq.  After holding a hearing and carefully considering the evidence, the petition is ALLOWED.

I.      **Background**

Petitioner and respondent are married.  Pet. ¶ 5.  Petitioner works for a software


company in Singapore.  Id. ¶ 6.  His employer expects him to work in Singapore for three years, beginning in June 2012.  Id. ¶ 11.  Respondent, who works for the Boston Public Schools, requested an extension of her maternity leave through June 2015, the conclusion of the three-year period.  Docket # 1-1.  The couple has two daughters, S.S., age 3, and L.A., age 2.  Pet. ¶ 8.  The daughters are dual Danish and American citizens.  Id.

In December 2013, the parties and the children traveled to Denmark to celebrate Christmas.  Id. ¶ 17.  They agreed that on January 4, 2014, respondent and her children would fly to the United States and remain here for two weeks.  Id.  Respondent reserved seats for herself and the children on a return flight to Singapore on January 20, 2014, but they did not board the plane.  Id. ¶¶ 18-19.  Since that time, the parties have been unable to resolve the situation among themselves.  The instant petition followed.

**II.     Analysis**

The Convention provides that

[t]he removal or the retention of a child is to be considered wrongful where

> *a)* it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and

> *b)* at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

Hague Convention art. 3(a)-(b), 19 I.L.M. at 1501.  To show wrongful retention,

petitioner must establish by a preponderance of the evidence that (1) S.S.'s and L.A.'s habitual residence was Singapore immediately prior to the retention; (2) he had custody rights over S.S. and L.A. at the time; and (3) that he was actually exercising those custody rights. 42 U.S.C. 11603(e)(1)(A); Hague Convention art. 3, 19 I.L.M. at 1501; Nicolson v. Pappalardo, 605 F.3d 100, 103 (1st Cir. 2010). The dispute in this case begins and ends with the first of these three factors. Respondent has not challenged the second and third factors, nor has she alleged that any of the exceptions excusing the ordering of immediate return upon a finding of wrongful retention applies. See Hague Convention art. 13, 19 I.L.M. at 1502. The dispute thus boils down to the following question: what was the children's habitual residence immediately preceding the retention? If it was Singapore, the retention is unlawful. If it was the United States, it is lawful.

     The Convention does not define "habitual residence," and the meaning of the term has produced some disagreement among the courts. See Londono v. Gonzalez, Civil Action No. 13-11106-FDS, 2013 WL 6093782, at *9 & n.1 (D. Mass. Nov. 18, 2013) (acknowledging split of authority and collecting cases). The First Circuit, however, has endorsed an approach that "begins with the [consideration of the] parents' shared intent or settled purpose regarding their child's residence." Nicolson, 605 F.3d at 104; Zuker v. Andrews, 181 F.3d 81 (unpublished table decision), No. 98-1622, 1999 WL 525936, at *1 (1st Cir. Apr. 9, 1999). Courts must also consider the extent to which children have become acclimated to their new country of residence. Londono, 2013 WL 6093782, at *11.

The parties offer very different versions of the facts as they relate to these two factors. Petitioner contends that "[t]he parties' only shared intention was to leave the US and reside in Singapore." Pet.'s Mem. in Supp., Docket # 20, at 1. The parties rented a house in Singapore and shipped their belongings there. Id. at 6. They opened a bank account and bought health insurance in Singapore. Id. at 6-7. They enrolled S.S., their eldest daughter, in educational programs. Id. at 7. Both daughters have lived in Singapore for the majority of their lives. Id. at 8. They have regular "play dates" with friends there. Id. In short, "[t]he children have become accustomed to life in Singapore since their arrival in June 2012." Id. at 9.

Respondent sees it differently. In her view, the parties understood that the move to Singapore was temporary; they did not agree to stay there beyond the three-year job assignment. Resp.'s Mem. in Opp., Docket # 23, at 2. Petitioner had obtained permanent resident status in the United States and met with an attorney to make sure the move to Singapore did not compromise that status. Id. at 4 (citing Affidavit of Lisette Neergaard Colon, Docket # 14, at ¶10). They own two condominiums in Boston, the second of which they purchased the week before they moved. Id. (citing Colon Aff. ¶¶ 15-16). Respondent did not extend her maternity leave beyond the end of the three-year assignment and intends to return to work at that time. Id. (citing Colon Aff. Ex. A). According to her, "[p]eople who share an intent to abandon the United States for a new home in Singapore do not behave in that manner." Mem. in Opp. at 2.

To some extent, it is difficult to identify what the parties "share" when their recollections of the past and visions of the future are so different.  See Nicolson, 605 F.3d at 105 ("It is not easy here to attach an abstract label to a complex of discrete facts, some of which push each way . . . ."); Robert v. Tesson, 507 F.3d 981, 991 (6th Cir. 2007) (stating focus on shared subjective intent "has 'made seemingly easy cases hard'" and is inconsistent with the purposes of the Convention (quoting Koch v. Koch, 416 F. Supp. 2d 645, 651 (E.D. Wis. 2006))).  But here, it is clear that at a minimum, the parties agreed to move to Singapore for three years, and the three-year period has not yet elapsed.  "To establish an habitual residence, it is not necessary to have an intention to stay in a place indefinitely."  McManus v. McManus, 354 F. Supp. 2d 62, 67 (D. Mass. 2005).  What is required is a "'sufficient degree of continuity to be properly described as settled.'"  Feder v. Evans-Feder, 63 F.3d 217, 223 (3d Cir. 1995) (quoting re Bates, No. CA 122-89, High Court of Justice, Family Div'l Ct. Royal Courts of Justice, United Kingdom (1989)).  Petitioner found work in Singapore and the parties settled there to live as a family, even if not indefinitely.  They did what people who settle in a new place do: find a house, open financial accounts, establish medical care, and explore schooling options.  See id. at 224.  Respondent's intention not to remain there cannot overcome this undisputed fact.  I find that the parties' shared the intention that S.S. and L.A. reside in Singapore.

Moreover, S.S. and L.A. have spent a substantial amount of time in Singapore. The "central activities" of their lives given their young ages—friends, books, toys—are located there.  Id.; see McManus, 354 F. Supp. 2d at 67 (noting that children became

5

acclimated to their new location by, among other things, attending school and joining sports teams). Occasional trips to the United States—and the approximately two months they have remained here—have not altered the fact that Singapore has heretofore been the main station of their lives. The record shows that S.S. and L.A. have acclimated to Singapore.

Given the parties' shared intention to live in Singapore as a family and the degree to which S.S. and L.A. have adapted to life there, I find that Singapore was the children's place of habitual residence in January 2014 when respondent retained them in the United States.

### III.     Conclusion

This case, like other Hague Convention cases, is challenging. See <u>Danaipour v. McLarey</u>, 286 F.3d 1, 4 (1st Cir. 2002) (Hague Convention decisions "[a]mong the federal courts' most difficult and heart-rending tasks"); <u>Wanninger v. Wanninger</u>, 850 F. Supp. 78, 79 (D. Mass. 1994) (Hague Convention cases present "[o]ne of the hardest problems" in the areas of matrimonial law and custody rights) (quotation and citation omitted). I regret that the parties were unable to amicably resolve this dispute on their own. But the matter is left for me to decide, and I conclude that respondent has wrongfully retained the children in the United States. The petition for immediate return of S.S. and L.A. to Singapore (Docket # 2) is ALLOWED. Petitioner's motion to strike language from respondent's reply brief (Docket # 24) is DENIED AS MOOT.

    March 10, 2014                                  /s/Rya W. Zobel

DATE                                                            RYA W. ZOBEL
                                                   UNITED STATES DISTRICT JUDGE